WALKER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-233-CR

WINIFRED LEON WALKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Winifred Leon Walker appeals from his conviction for aggravated robbery with a deadly weapon.  In his sole point, he argues that the trial court erred in admitting a photo identification line-up into evidence during the guilt-innocence phase of trial because “the procedure in creating the lineup as well as the photo lineup itself was tainted.”  We affirm.

In his point, appellant focuses on the manner and timing of the police in putting the photo array together and showing it to the complainant.  His point also challenges the array as impermissibly suggestive because it fails to show a person matching the complainant’s description of the suspect.  Although two photo line-ups were admitted into evidence, State’s exhibits 12 and 15, appellant only cites to State’s exhibit 15 as being the photo line-up he is challenging.  At trial, appellant’s objection to State’s exhibit 15 was that it did not appear to be the original of the photo array.  The trial court overruled that objection.  Because appellant’s objection at trial does not comport with the argument he raises on appeal, his argument on appeal is waived.  
See
 
Tex. R. App. P.
 33.1(a); 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997).  

At trial, appellant also objected to State’s exhibit 12, which he does not cite or mention on appeal, on the grounds that it did not appear to be a “truly random array” because “[w]e have individuals with lighter complexion, darker complexion.  You have those with hair, with no hair, some with facial hair, no facial hair.”
(footnote: 2)  
See
 
Tex. R. App. P.
 38.1(f), (h).  The trial court overruled the objection.  Even if appellant intended to challenge the ruling on his objection to State’s exhibit 12, his arguments on appeal do not comport with those raised in his objection to State’s exhibit 12.  Thus, his argument on appeal would still be waived.  
See
 
Tex. R. App. P.
 33.1(a); 
Bell
, 938 S.W.2d at 54.  We overrule appellant’s sole point.

We affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  AUGUST 14, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant also objected to State’s exhibit 12 on the grounds that “there is nothing on No. 12 to indicate the victim has signed anything or a witness has signed anything.  It’s just an array.  No one has pointed anything out or picked anyone out of that lineup.”  This objection was also overruled.